UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 11-CV-80387-RYSKAMP/VITUNAC

TRAVELPRO INTERNATIONAL, INC.,

    Plaintiff,

v.

TRAVELER'S CHOICE TRAVELWARE,

    Defendant.
    _____/

**ORDER GRANTING JOINT MOTION FOR CONSENT PERMANENT INJUNCTION AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon the parties' joint motion for entry of consent permanent injunction **[DE 28]** entered on January 6, 2012. The parties inform the Court that they have reached a settlement of all claims, and jointly seek entry of a permanent injunction submitted as Exhibit A to the motion **[DE 28-1]**. The undisputed facts as set forth by the parties are as follows:

    1.    Plaintiff is a Delaware corporation which imports and distributes luggage and luggage-related items for the wholesale and retail markets.

    2.    Defendant is a California corporation which manufactures and distributes luggage and luggage-related items for the wholesale and retail markets.

    3.    In connection with its importation and distribution of luggage and luggage related services, Plaintiff has registered several trademarks (collectively, the "Atlantic Marks") with the U.S. Patent and Trademark Office, including:

        (a)    "ATLANTIC" (Reg. No. 3634876);

  (b)  "ATLANTIC" and seahorse design (Reg. No. 3457487);

  (c)  "ATLANTIC EXPRESS" (Reg. No. 3136439);

  (d)  "ATLANTIC ALTITUDE" (Reg. No. 3171943);

  (e)  "ATLANTIC PREFERRED" (Reg. No. 2434023);

  (f)  "ATLANTIC ULTRA" (Reg. No. 2375983);

  (g)  "ATLANTIC EXPEDITIONS" (Reg. No. 2381865); and

  (h)  "ATLANTIC SOLSTICE" (Reg. No. 2871907).

4. Plaintiff also uses and is the owner of the following U.S. Trademark Registrations (collectively, the "Travelpro Marks"):

  (a)  "ODYSSEY" (Reg. No. 1848861);

  (b)  "ODYSSEY" (Reg. No. 3891474); and

  (c)  "COMPASS" (Reg. No. 2388423).

5. The Compass and Odyssey marks are sub-brands used by Plaintiff in conjunction with the house brand, "Atlantic."

6. Plaintiff's Complaint in this action **[DE 1]** alleges that Defendant unlawfully marketed and sold luggage products falsely bearing the Travelpro Marks, which products were not designed, distributed licensed, or authorized by Plaintiff.

7. Following the initiation of the instant litigation, Defendant has voluntarily agreed to cease using the Travelpro Marks which are the subject of Plaintiff's Complaint.

8. Defendant now has agreed to the entry of a permanent injunction against it in the above-identified litigation.

 The Court has carefully considered the motion, applicable law, and pertinent portions of the record.  Upon consent of the parties, it is hereby

**ORDERED AND ADJUDGED** that

Defendant and its agents, servants, employees, attorneys, representatives, successors, transferees and assigns, and those persons in active concert or participation with or controlled by it, are hereby, permanently enjoined, restricted and forbidden from:

i. Using any of the Travelpro Marks, or any confusingly similar variations thereof, or any other designation confusingly similar to the Travelpro Marks;

ii. Using the Travelpro Marks, or confusingly similar variations thereof, in relation to any luggage or luggage-related items sold or marketed by Defendant;

iii. Applying for or proceeding with any state, foreign, or international trademark, service mark, business name, fictitious name, or domain name application for any of the Travelpro Marks, or any confusingly similar variations thereof; and

iv. Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) - (iii).

The Court shall retain jurisdiction solely for the purpose of enforcing this Order. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 10 day of January, 2012.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE